# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO GOMEZ, | ) | 1:09-CV-00100 LJO JMD HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATIONS [Doc. 22] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| CALIFORNIA BOARD OF PAROLE | ) | ORDER DIRECTING CLERK OF COURT TO |
| HEARING, | ) | ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER GRANTING PETITIONER |
| | ) | CERTIFICATE OF APPEALABILITY |

Pablo Gomez (hereinafter "Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Magistrate Judge issued a Findings and Recommendations on July 19, 2010, recommending that the petition for writ of habeas corpus be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendations was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order and any reply to the objections were to be served and filed within ten court days after service of the objections.

On August 2, 2010, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. Respondent failed to file a reply to the objections.

**DISCUSSION**

The Court has conducted a *de novo* review of the case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C). Having carefully reviewed the record and considered Petitioner's objections, the Court agrees with the Magistrate Judge's recommendation that the petition for writ of

habeas corpus be denied.  However, the Court declines to adopt the Magistrate Judge's reasoning for this decision.

The Magistrate Judge concluded that Petitioner possessed a federally protected liberty interest in parole requiring that some evidence of Petitioner's current dangerousness support the denial of parole by the Board of Parole Hearing.  The Magistrate Judge applied the correct legal analysis as Ninth Circuit law has clearly held that federal due process protects a California inmate's right to parole and that federal protection of this interest encompasses the requirement that some evidence support the Board's denial.  *See Pearson v. Muntz*, 606 F.3d 606, 611 (9th Cir. 2010) (per curiam) (citing *Hayward*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) in stating, "California has created a parole system that independently requires the enforcement of certain procedural and substantive rights, including the right to parole absent 'some evidence' of current dangerousness"); *see also Cooke v. Solis*, 606 F.3d 1206, 1213 (9th Cir. 2010) (noting that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state"); *Pirtle v. California Bd. Of Prison Terms*, 611 F.3d 1015, 1020 (9th Cir. 2010) (noting that California's parole scheme gives rise to a federally protected liberty interest in release on parole and "[t]hat liberty interest encompasses the state-created requirement that a parole decision must be supported by "some evidence" of current dangerousness"); *Haggard v. Curry*, __ F.3d __, 2010 WL 4015006, *5 (9th Cir. 2010) (per curiam) (rejecting state's argument that the some evidence requirement is not protected by federal due process).

The Magistrate Judge then concluded that the state court unreasonably applied California's "some evidence" standard as the state court applied the minimum elements test explicitly rejected by the California Supreme Court in *In re Lawrence*, 44 Cal4th 1181, 1218 (2008).  The Magistrate Judge also found that the decision was an objectively unreasonable application of the some evidence standard as the state court held that the commitment offense alone was sufficient to satisfy the standard, a position rejected by the *Lawrence* court.  The Court agrees with the Magistrate Judge that the state court's decision, resting solely on the commitment offense, was an objectively unreasonable application of California's "some evidence" standard.  *See Hayward*, 605 F.3d at 563.

\\\

1    The Magistrate Judge thus proceeded to examine the Board's denial of parole. The Board
2 denied Petitioner parole based on his commitment offense, Petitioner's previous criminal history, his
3 recent disciplinary infraction, and his psychological evaluation. The Magistrate Judge rejected the
4 Board's reliance on the commitment offense, the recent disciplinary infraction, and Petitioner's
5 criminal history as not bearing any rational nexus to Petitioner's current dangerousness. The
6 Magistrate Judge concluded that the psychological evaluation's statement, that Petitioner was a low
7 risk of danger when compared to other similarly violent inmates, was the only evidence of
8 dangerousness and that this evidence was sufficient to satisfy the some evidence standard. The Court
9 agrees that there is no rational nexus between the static factors of the commitment offense and
10 Petitioner's previous criminal history and whether Petitioner poses a current risk of danger to
11 society. However, the Court declines to adopt the Magistrate Judge's Findings as they pertain to the
12 disciplinary infraction and the psychological report.

13    The Magistrate Judge found the statement in the psychological report, that Petitioner was a
14 low risk of danger when compared to other similarly violent inmates, to constitute sufficient
15 evidence by itself of Petitioner's current dangerousness. As the phrase "similarly violent inmates"
16 refers to inmates convicted of violent offenses, the Court does not find that statement sufficient to
17 meet the some evidence standard. This is especially true when reading the statement is the context
18 of the psychological evaluation. As the Board noted, the psychological evaluation was supportive of
19 Petitioner's release. The evaluator classified Petitioner "in the low range in terms of likelihood to
20 commit future violent acts as compared to other inmates with similar crimes." (Hearing Transcript at
21 42.) Additionally, the psychologist opined that:

> Inmate had taken responsibility for the crime. He has insight . . . He does express remorse and regret. In rating this individual in a clinical factor, he would rate in the low range for future violence. This rating is based on the fact that he has had only one discipline. He has had a positive response to treatment, and there is not a negative attitude, and he is no longer impulsive.

25 (Id. at 43.)
26 The psychologist later noted that "[t]he inmate would rate in the low range in terms of his risk
27 management in the future." (Id.) Thus, the Court does not find any support for the Magistrate
28 Judge's finding that the psychological evaluation is evidence of Petitioner's current dangerousness.

However, the Court finds that there is evidence bearing a rational nexus to whether Petitioner poses a current risk of danger to the public safety. Specifically, the Court finds such evidence in Petitioner's recent disciplinary infraction. The disciplinary infraction in Petitioner's case is distinct from the ones the Ninth Circuit in *Cooke*, 606 F.3d at 1215, found to be not probative of current dangerousness. Petitioner was discipline din 2002, five year prior to his parole hearing, with a 115 Rules Violation Report for excessive contact. In *Cooke*, the Ninth Circuit found two minor non violent disciplinary infractions occurring in 1992 and 1993 were not relevant evidence in determining whether a prisoner was dangerous in 2002. Here, only five years have passed since Petitioner incurred his 115. Additionally, a 115 Rules Violation Report is a report documenting misconduct that is "believed to be a violation of law or that is *not minor in nature*." 15 Cal.Code Regs. § 3312(a)(3) (emphasis added). While the probative value of this disciplinary infraction is lessened by the non-violent nature of the infraction and the fact that it was Petitioner's only disciplinary infraction despite having been incarcerated for sixteen years, the Court finds it sufficient to meet the "some evidence" standard. The some evidence standard is minimal and assures only that the record is not so devoid of evidence that the denial of parole was arbitrary. *See Sass*, 461 F.3d at 1129, *overruled in part on other grounds*, *Hayward*, 603 F.3d at 555. The standard requires only a "modicum of evidence" of unsuitability for parole. *In re Lazor*, 172 Cal.App.4th 1185, 1198 (2009) (quoting *Lawrence*, 44 Cal.4th at 1191, n.2). As the "some evidence" standard is extremely deferential, any conflict of evidence, or weight given to the evidence, is within the authority of the Board and a federal habeas court may not substitute its own judgment for the Board's merely because it would weigh the evidence differently. *Id*. at 1199 (quoting *Rosenkrantz*, 29 Cal.4th at 677). Thus, while the Court itself does not find that this disciplinary infraction to be convincing evidence of current dangerousness, the Court acknowledges that it is evidence of current dangerousness. Accordingly, the Court DENIES the petition for writ of habeas corpus on this ground.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). The controlling statute in

determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right." A habeas petitioner, who has been denied relief by the district court, may fulfill the standard required by section 2253 by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While the petitioner is not required to prove the merits of his case, "a prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *Miller-El*, 537 U.S. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)).

In the present case, the Court finds that reasonable jurists may find the Court's determination that Petitioner is not entitled to federal habeas corpus relief based solely on the non-violent disciplinary infraction debatable or wrong. Thus, the Court finds that Petitioner is deserving of encouragement to proceed further and that Petitioner has made the required substantial showing of the denial of a constitutional right. Consequently, the Court hereby GRANTS Petitioner a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued July 19, 2010, is ADOPTED IN PART;
2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
3. The Clerk of Court is DIRECTED to enter judgment; and
4. Petitioner is GRANTED a certificate of appealability.

IT IS SO ORDERED.

**Dated:    October 22, 2010**              /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE